**GIBNEY, ANTHONY & FLAHERTY, LLP**
Attorneys for Plaintiff
Wm. Lee Kinnally, Jr. (WK 1066)
Jeffrey E. Dupler (JD 5430)
665 Fifth Avenue
New York, NY 10022
(212) 688-5151
(212) 688-8315 - fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMROCK TECHNOLOGIES, INC.,

                           Plaintiff,

          -against-                                    07 CV 3114

REACT–NTI, LLC,

                           Defendant.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

**GIBNEY, ANTHONY & FLAHERTY, LLP**
Attorneys for Plaintiff
665 Fifth Avenue
New York, New York 10022
(212) 688-5151
(212) 688-8315 – fax

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES................................................................................ii

INTRODUCTION......................................................................................1

POINT I

      THE DISPUTE RESOLUTION CLAUSE DOES NOT APPLY
      TO THE CLAIM FOR GOODS SOLD AND DELIVERED
      BECAUSE DEFENDANT ADMITS THAT CLAIM............................3

POINT II

      THE MEDIATION CLAUSE IS NOT A CONDITION PRECEDENT
      TO BRINGING SUIT.........................................................5

CONCLUSION........................................................................................8

## TABLE OF AUTHORITIES

## CASES

Bombardier Corp. v. Nat'l. Railroad Passenger Corp.,
     298 F. Supp. 2d 1 (D. D.C. 2002)................................................................... 7

CB Richard Ellis, Inc. v. Amer. Environmental Waste Mgmt.,
     No. 98-CV-4183 (JG), 1998 WL 903495 (E.D.N.Y. Dec. 4, 1998)...................... 3

Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,
     261 F. Supp. 2d 293 (S.D.N.Y. 2003)...................................................... 5

HIM Portland, LLC v. DeVito Builders, Inc.,
     317 F.3d 41 (1st Cir. 2003)................................................................. 3, 5

Mario & Di Bono Plastering Co., Inc. v. Rivergate Corp.,
     140 A.D.2d 164, 527 N.Y.S.2d 417 (1st Dep't 1988)..................................5, 6, 7

Mortimer v. First Mount Vernon Indus. Loan Ass'n,
     No. 03-CV-1051 (AMD), 2003 WL 23305155 (D. Md. May 19, 2003)..................... 3

Ponce Roofing, Inc. v. Roumel Corp.,
     190 F. Supp. 2d 264 (D. P.R. 2002)..........................................................5

Shook of West Virginia, Inc. v. York City Sewer Auth.,
     756 F. Supp. 848 (M.D. Pa. 1991)......................................................... 6, 7

USA Flea Market, LLC v. EVMC Real Estate Consultants, Inc.,
     No. 8:06-CV-0431-T-24-TBM, 2007 WL 470501 (M.D. Fla. Feb. 13, 2007)..............4

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Plaintiff Shamrock Technologies, Inc. respectfully submits this memorandum in opposition to the motion to dismiss of defendant REACT-NTI, LLC on May 3, 2007.

## INTRODUCTION

Defendant concedes that it owes plaintiff more than $314,500 for goods sold and delivered pursuant to a License Agreement between the parties. Complaint ¶¶ 9 – 11 and Exhibit A thereto. There is no dispute about this. Defendant's parent, Northern Technologies International Corporation ("NTIC"), has admitted this obligation in its Form 10-QSB filing with the Securities and Exchange Commission on April 11, 2007, filed just one week before defendant removed this action to federal court:

> In April 2007 REACT-NTI, LLC, a company that is 75% owned by NTIC ("REACT"), was served with a summons and complaint that was filed by Shamrock Technologies, Inc. ("Shamrock") in state court in New York. This case has been removed to the Federal District Court for the Southern District of New York. **The lawsuit seeks payment from REACT of commissions in the approximate amount of $314,500 owed by REACT under a license agreement between REACT and Shamrock.** The complaint alleges breach of the license agreement by REACT and seeks damages in an unspecified amount for such breach as well as damages of approximately $300,000 for the alleged failure of REACT to purchase from Shamrock certain inventory manufactured for sale to a customer. **REACT, acknowledges that the commissions are owed,** but denies all the claims of breach of the license agreement by it . . . . (emphasis added).

See footnote 19 to the Consolidated Financial Statements contained in that document (entitled "Commitments and Contingencies"), and again in Part II, Item 1 "Discussion of Legal Proceedings", (Exhibit 1 to the Declaration of Wm. Lee Kinnally, Jr., dated May 17, 2007).

In light of this admission, there is nothing to be negotiated, mediated or litigated on the first and second causes of action. However, in seeking to avoid the inevitable money judgment, defendant has moved to dismiss the complaint claiming that plaintiff has not complied with the good faith negotiation and non-binding mediation clause in the License Agreement before commencing suit.

Defendant's motion should be denied because (1) the dispute resolution clause at issue applies only to "disputes" and not to admittedly valid claims as to which there is no dispute because defendant has already acknowledged its liability for the claim for goods sold and delivered; and (2) even if the clause did apply, it is not a condition precedent to any suit. The alleged failure to negotiate or mediate does not make Shamrock's claim unripe or otherwise deprive this Court of subject matter jurisdiction.

The primary claims at issue in this motion appear to be the first and second ones -- for goods sold and delivered and unjust enrichment. To the extent that defendant seeks to negotiate and/or mediate the other claims, plaintiff will consent to a stay of the balance of this suit pending such negotiation and mediation.

However, judgment will be sought for the $314,508.50.

## POINT I

### THE DISPUTE RESOLUTION CLAUSE DOES NOT APPLY TO THE CLAIM FOR GOODS SOLD AND DELIVERED BECAUSE DEFENDANT ADMITS THAT CLAIM

Paragraph 13 of the License Agreement that discusses negotiation and mediation applies to "any dispute concerning the validity, interpretation, and performance or non-performance of this Agreement." However, plaintiff's claim of $314,508.50 for goods sold and delivered is not in dispute given defendant's admission that it owes this amount to plaintiff. In light of defendant's admission, there is simply no dispute to negotiate, mediate, or litigate. Thus, the first cause of action for goods sold and delivered should be allowed to proceed in this Court.

Moving on to defendant's hypertechnical (and hypocritical) legal arguments, the dispute resolution clause, as drafted, does not cover all disputes. Rather, it addresses only those involving the validity, interpretation, and performance or non-performance of the License Agreement. The parties could have included a much broader dispute resolution clause in the License Agreement to cover any "claims" as well any "disputes" that might arise, but they did not. In fact, the cases relied on by defendant are replete with examples of just such broad, all-encompassing language. For instance, in *CB Richard Ellis, Inc. v. Amer. Environmental Waste Mgmt.*, No. 98-CV-4183 (JG), 1998 WL 903495 (E.D.N.Y. Dec. 4, 1998) (Defendant's Mem. at 5), the mediation clause governed "any dispute, claim or controversy arising out of or relating to" the agreement or the work at issue in the case. Similarly, in *HIM Portland, LLC v. DVvito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003) (Defendant's Mem. at 10), it encompassed "[c]laims, disputes and other matters in question arising out of or relating to this Contract." The same is true of the mediation clause discussed in *Mortimer v. First Mount. Vernon Indus. Loan Ass'n*, No. 03-CV-1051 (AMD), 2003 WL 23305155 (D. Md. May 19, 2003) (Defendant's Mem.

at 9), where the "[b]uyer and [s]eller agree[d] that any dispute or claim arising out of or from this Contract or the transaction which is the subject of this Contract shall be mediated . . . ." *Id.* At *1. *See also USA Flea Market, LLC v. EVMC Real Estate Consultants, Inc.,* No. 8:06-CV-0431-T-24-TBM, 2007 WL 470501 (M.D. Fla. Feb. 13, 2007), at *2 (mediation clause applied to "[a]ll claims, disputes or controversies arising out of, or in connection with, or in relation to this Contract . . . .").

However, where, as here, there is only a claim for payment due, a bare refusal to pay, and an admission of liability by defendant, there is nothing to negotiate and mediate, only a claim to be summarily reduced to judgment and execution. Paragraph 15(c) of the License Agreement shows that the parties anticipated the very situation that did, in fact, arise; it provides, in pertinent part, that "in the event React fails to make the appropriate payments due Shamrock as provided in this Agreement, venue shall be in New York City." Compl. Exh. A. ¶15(c). Because any such non-payment proceeding would be commenced by plaintiff and would most directly affect plaintiff, the parties sensibly placed the venue for such a proceeding in New York City, in close proximity to plaintiff's principal place of business. Compl. ¶4. The parties appear to have anticipated that where a party refuses to pay monies owed under a contract without excuse or justification, no amount of negotiation or mediation will suffice, as there is nothing to negotiate and no issues to mediate. Only a judgment rendered by a court will make the other party whole.

Of course, as noted at the outset, the issue of liability here is unquestioned given that defendant has already acknowledged that it owes the amount sought in the first and second causes of action.

## POINT II

### THE MEDIATION CLAUSE IS NOT A CONDITION PRECEDENT TO BRINGING SUIT

Defendant also argues that this suit should be dismissed because plaintiff has not satisfied the License Agreement's dispute resolution clause which defendant mischaracterizes as a condition precedent to the commencement of a law suit. Yet, many of the cases cited by defendant in support of this argument involve express and unequivocal conditions precedent, in stark contrast to paragraph 13 here.

For example, *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F. Supp. 2d 293 (S.D.N.Y. 2003), concerned an insured's claims against its insurer where the insured had not submitted a proof of loss. The insurance policy "expressly provide[d] that defendant's payment obligation only [arose] 30 days after 'presentation and acceptance [by defendant] of proofs of loss.'" *Id.* at 295. After finding that the defendant's payment obligation was not yet due, this Court dismissed plaintiff's claims for contract damages as premature. *Id.* Similarly, *Ponce Roofing, Inc. v. Roumel Corp.*, 190 F. Supp. 2d 264 (D.P.R. 2002), and *HIM Portland, LLC v. Devito Builders, Inc.*, 317 F.3d 41 (1st Cir. 2003), both involved a breach of contract actions that were dismissed on the basis of clauses in the parties' agreements that expressly provided that mediation was a condition precedent to filing a law suit. *Ponce Roofing,* 190 F. Supp. 2d at 267; *HIM Portland,* 317 F. 3d at 44.

In stark contrast to the express condition precedents in the above cases, the timing mechanism in the mediation clause in the License Agreement is akin to the one in *Mario & Di Bono Plastering Co., Inc. v. Rivergate Corp.*, 140 A.D.2d 164, 527 N.Y.S.2d 417 (1st Dep't 1988). There, a subcontractor had brought suit against a general contractor and union and the defendant contractor had moved to dismiss, arguing that the plaintiff failed to comply with a

mediation clause that required "'[a]ny claim dispute or other matter in question between the Subcontractor and the General Contractor' was to be 'first submitted by the claiming party . . . in writing to the Architect . . . .'" 140 A.D.2d at 164, 527 N.Y.S.2d at 418. Rivergate's motion to dismiss was granted, but, on appeal, the First Department reversed and reinstated the complaint, holding that "there is no clear indication that [submission of the claims to the architect] is a necessary prerequisite to the commencement of litigation." 140 A.D.2d at 165, 527 N.Y.S.2d at 418. Significantly, the First Department then concluded that:

> In the absence of such a clear, express and unequivocal condition precedent, we decline to hold that plaintiff has waived its right to a day in court to litigate its claims against the general contractor, particularly since the provision for submission to the architect is, at best, a mediation – and not an arbitration – process.

140 A.D.2d at 165, 527 N.Y.S.2d at 418-19.

The importance of requiring a clear, express and unequivocal condition precedent before depriving a party of its day in court was echoed in *Shook of West Virginia, Inc. v. York City Sewer Auth.*, 756 F. Supp. 848 (M.D. Pa. 1991). There, York asserted that its agreement required Shook to allow a designated third-party to render a decision on its claims prior to bringing suit. 756 F. Supp. at 851. The clause in question read "[c]laims, disputes and other matters relating to the execution and progress of the Work or the interpretation of or performance under the Contract Documents shall be referred initially to the ENGINEER for decision, which he shall render in writing within a reasonable time." 756 F. Supp. at 849-50. York's motion to dismiss Shook's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the same bases upon which defendant seeks to dismiss plaintiff's complaint, was denied and the court cautioned against depriving litigants of their access to the courts:

> [L]anguage in a contract not clearly identified as a condition precedent is presumed not to be one (citations omitted). Nowhere

can this principle be more important than in construing a provision that would divest a party of the right to have a court hear its claims. Even in the case of arbitration agreements, which courts must liberally construe, a party will not be forced to forego litigation in favor of arbitration unless it is clear he has agreed to do so (citation omitted).

756 F. Supp. at 851-52. *See also, Bombardier Corp. v. Nat'l. Railroad Passenger Corp.*, 298 F. Supp. 2d 1, 5 (D. D.C. 2002) (denying a motion to dismiss premised on the failure to submit claims to contractual dispute resolution process where the "Contract fail[ed] to clearly and unambiguously state that dispute resolution is a condition precedent to litigation . . . .").

## CONCLUSION

As stated in the accompanying Kinnally Declaration, the complaint in this case asserts six causes of action. To the extent defendant seeks to negotiate and/or mediate claims three through six, plaintiff agrees and will consent to a stay of the balance of this suit pending such negotiation and mediation.

However, there is nothing to negotiate or mediate with respect to plaintiff's first cause of action for goods sold and delivered (and its corresponding unjust enrichment second cause of action). Defendant's own certified SEC filings admit as much. Defendant moves to dismiss on the basis of a dispute resolution clause that simply does not apply here because defendant has admitted it owes plaintiff the money sought in the first and second causes of action.

For the foregoing reasons, defendant's motion to dismiss should be denied in its entirety.

Dated:    New York, New York
          May 17, 2007

                                        GIBNEY, ANTHONY & FLAHERTY, LLP

                              By: _____
                                        Wm. Lee Kinnally, Jr. (WK 1066)
                                        Attorneys for Plaintiff
                                        665 Fifth Avenue
                                        New York, New York 10022
                                        (212) 688-5151
                                        (212) 935-7892 – fax