**GIBNEY, ANTHONY & FLAHERTY, LLP**
Attorneys for Plaintiff
Wm. Lee Kinnally, Jr. (WK 1066)
Jeffrey E. Dupler (JD 5430)
665 Fifth Avenue
New York, NY 10022
(212) 688-5151
(212) 688-8315 - fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMROCK TECHNOLOGIES, INC.,

                Plaintiff,

-against-

REACT–NTI, LLC,

                Defendant.

**DECLARATION**
07 CV 3114

**WM. LEE KINNALLY, JR.** declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that:

    1.    I am an attorney at law licensed to practice in the State of New York and respectfully submit this declaration in opposition to defendant's motion to dismiss.

    2.    The complaint alleges six causes of action:

| | |
|---|---|
| First | for goods sold and delivered. |
| Second | for unjust enrichment seeking the amount sought in the first cause of action. |
| Third | for breach of the Licensing Agreement. |
| Fourth | for a declaratory judgment. |
| Fifth | for breach of the Licensing Agreement. |

    Sixth      seeking a mandatory injunction directing defendant to make its books and records available for audit and inspection; and directing defendant to account to plaintiff for all sales of Licensed Products sold by defendant to Sun-USA.

3. The primary claim at issue in this motion is the first one - - for goods sold and delivered (and, by implication, the corresponding second cause of action for unjust enrichment). To the extent that defendant seeks to negotiate and/or mediate the third through the sixth claims pursuant to the License Agreement, Shamrock agrees and will consent to a stay of this suit pending such negotiation and mediation.

4. However, there is no reason either to negotiate or mediate the claim for goods sold and delivered because there is nothing to negotiate or mediate. As discussed below, React has admitted that the amounts are due and owing. There is nothing in dispute.

5. By way of background, defendant is part of a joint venture with Northern Technologies International Corporation ("NTIC"). It appears from the relevant portions of the current Form 10-QSB (Exhibit 1) that NTIC owns 75% of that joint venture.

**The License Agreement**

6. Pursuant to paragraph 3 of the License Agreement (Exhibit "A" to the complaint), defendant granted plaintiff "the sole and exclusive license to use the Licensed Technology [as that term is defined in the License Agreement] and to manufacture, market and sell the Licensed Products [as that term is defined in the License Agreement] throughout the entire World except for any and all sales of the Licensed Products sold and shipped to locations in the United States of Sun Chemical Corporation ("Sun-USA") its holding company, affiliates, sister companies, subsidiaries and its successors and assigns …." Complaint, para. 6.

7.     Defendant agreed in paragraph 2 of the License Agreement to purchase from plaintiff, and plaintiff agreed to manufacture and ship, all of the Licensed Products sold by React to Sun-USA and:

> Shamrock agrees to manufacture and ship, at Shamrock's expense, all Licensed Products sold by React to Sun-USA in accordance with React's purchase orders directed to Shamrock. React shall pay Shamrock a fee of eighty-five percent (85%) of its Net Sales Revenue (as defined in 3 b.) to Sun in consideration for Shamrock manufacturing and shipping all of React's Sun-USA orders. If there is a freight cost to Shamrock, in the case where React sells at delivered prices, then React will reimburse Shamrock 15% of the freight cost.

Complaint, para. 7.

**The Licensed Goods in Question**

8.     Pursuant to the License Agreement, plaintiff manufactured for defendant, at defendant's special instance and request, Licensed Products (known as MR-101 and MR-102) that were, in turn, sold by defendant to Sun-USA and shipped by plaintiff to Sun-USA pursuant to defendant's direction ("invoiced Licensed Products"). From November 9, 2006 through January 17, 2007 plaintiff sold to and invoiced defendant the following invoiced Licensed Products:

| Date | Invoice No. | Product | Invoiced Amount | Amount Due[1] |
|---|---|---|---|---|
| 11/09/06 | 155549 | MR-101 | $96,800.00 | $82,280.00 |
| 11/10/06 | 155579 | MR-102 | $41,360.00 | $35,156.00 |
| 11/10/06 | 155597 | MR-101 | $ 4,950.00 | $4,207.50 |
| 11/29/06 | 155896 | MR-101 | $96,800.00 | $82,280.00 |
| 12/13/06 | 156201 | MR-101 | $ 3,300.00 | $2,805.00 |
| 12/13/06 | 156206 | MR-101 | $ 2,200.00 | $1,870.00 |
| 12/19/06 | 156315 | MR-101 | $66,000.00 | $56,100.00 |
| 12/19/06 | 156319 | MR-102 | $56,400.00 | $47,940.00 |
| 01/17/07 | 156824 | MR-101 | $ 2,200.00 | $1,870.00 |
| Total | | | $370,010.00 | $314,508.50 |

---

[1] The 'Amount Due' represents 85% of the invoiced amount, as calculated pursuant to para. 2 of the License Agreement.

Complaint, para. 6. Copies of the above invoices and bills of lading were annexed as Exhibit "B" to the complaint.

**<u>Defendant's Admission That the Amount Sought Is Due and Owing</u>**

9. In the Form 10-QSB filed by NTIC in April of 2007, after commencement of this suit and defendant's removal to this Court, defendant admits the amount due under the first and second causes of action under the heading "Item 1, Legal Proceedings." The amount is referred to as "commissions" by React.

> In April 2007 REACT-NTIC, LLC, a company that is 75% owned by NTIC ("REACT"), was served with a summons and complaint that was filed by Shamrock Technologies, Inc. ("Shamrock") in state court in New York. This case has been removed to the Federal District Court for the Southern District of New York. **The lawsuit seeks payment from REACT of commissions in the approximate amount of $314,500 owed by REACT under a license agreement between REACT and Shamrock.** The complaint alleges breach of the license agreement by REACT and seeks damages in an unspecified amount for such breach as well as damages of approximately $300,000 for the alleged failure of REACT to purchase from Shamrock certain inventory manufactured for sale to a customer. **REACT, acknowledges that the commissions are owed**, but denies all of the claims of breach of the license agreement by it. REACT intends to appropriately defend itself against the allegations of breach and also intends to file counter-claim for a breach of the license agreement by Shamrock and to pursue injunctive relieve [sic] against Shamrock to protect its licensed Technology and Confidential Information disclosed to Shamrock under the license agreement. (Emphasis added).

10. The Form 10-QSB was executed by G. Patrick Lynch, NTIC's President and CEO and certified, in compliance with Section 906 of the Sarbanes-Oxley Act of 2002, that the Report complies with Section 13(a) or 15(d) of the Securities Exchange Act of 1934 and accurately presents the financial condition and results of the operations of NTIC.

- 5 -

11. Based on the foregoing admission, there is nothing to negotiate, mediate or litigate on the first cause of action. At this juncture, Shamrock has not cross-moved for summary judgment, but may do so depending on the position taken by defendant in its reply papers. Certainly, the Court could also move for summary judgment, *sua sponte*, on appropriate notice. Given defendant's unqualified admission, such a motion by either Shamrock or the Court would certainly be successful and, sooner or later, judgment will be entered in favor of plaintiff and against defendant in the amount sought, $314,508.50.

12. In the interim, defendant's motion to dismiss should be denied for the reasons set forth in Plaintiff's Memorandum of Law.


I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2007

                                                WM. LEE KINNALLY, JR.

# Exhibit 1

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-QSB

(Mark one)
☒ QUARTERLY REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the quarterly period ended

## February 28, 2007

☐ TRANSITION REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____.

Commission file number 1-11038

# NORTHERN TECHNOLOGIES INTERNATIONAL CORPORATION
(Name of small business issuer in its charter)

| Delaware | 41-0857886 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

| 4201 Woodland Rd<br>Circle Pines, Minnesota | 55014 |
|---|---|
| (Address of principal executive offices) | (Zip Code) |

(763) 225-6600
(Issuer's telephone number, including area code)

Check whether the issuer (1) filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the past 12 months (or for such shorter period that the issuer was required to file such reports) and (2) has been subject to such filing requirements for the past 90 days.
Yes ☒   No ☐

Indicate by check mark whether the Registrant is a shell company (as defined in Rule 12b-2) of the Exchange Act).
Yes ☐   No ☒

State the number of shares outstanding of each of the issuer's classes of common equity, as of the latest practicable date.

| Class | Outstanding as of April 11, 2007 |
|---|---|
| Common Stock, $0.02 par value | 3,679,016 |

Transitional Small Business Disclosure Format (check one):   Yes ☐   No ☒

**NORTHERN TECHNOLOGIES INTERNATIONAL CORPORATION**

The Company pays rent for its Beachwood office and lab location to a related party. See Note 19.

## 18. INCOME TAXES

Reconciliations of the expected federal income tax at the statutory rate with the provisions for income taxes for the six months ended February 28 are as follows:

|  | February 28, 2007 | February 28, 2006 |
|---|---|---|
| Tax computed at statutory rates | $ 577,000 | $ 384,000 |
| Tax effect on equity in income of international joint ventures | (548,000) | (442,000) |
| Tax effect on dividends received from corporate joint ventures | 205,000 | 263,000 |
| Research and development credit | (75,000) | (50,000) |
| Other | 121,000 | 148,000 |
|  | $ 280,000 | $ 303,000 |

## 19. COMMITMENTS AND CONTINGENCIES

In April 2007 REACT-NTI, LLC ("REACT"), a company that is 75% owned by NTIC was served with a summons and complaint that was filed by Shamrock Technologies, Inc. ("Shamrock") in state court in New York. This case has been removed to the Federal District Court for the Southern District of New York. The lawsuit seeks payment from REACT of commissions in the approximate amount of $314,500 owed by REACT under a license agreement between REACT and Shamrock. The complaint alleges breach of the license agreement by REACT and seeks damages in an unspecified amount for such breach as well as damages of approximately $300,000 for the alleged failure of REACT to purchase from Shamrock certain inventory manufactured for sale to a customer. REACT, acknowledges that the commissions are owed, but denies all of the claims of breach of the license agreement by it. REACT intends to appropriately defend itself against the allegations of breach and also intends to file counter-claim for a breach of the license agreement by Shamrock and to pursue injunctive relieve against Shamrock to protect its licensed Technology and Confidential Information disclosed to Shamrock under the license agreement.

In February 2007, NTIC was served with a summons and complaint that was originally filed by Evelyna Cantwell and Jack Cantwell, individually and also doing business as Byrd-Walsh International, LLC in the Federal District Court for the Southern District of Florida. The lawsuit alleges breach of contract, breach of implied contract, promissory estoppels, equitable estoppels, negligence, wrongful conversion, fraud, constructive fraud, misappropriation, and violation of the Uniform Trade Secrets Act. The suit seeks total damages in excess of $45 million. Based on the allegations in the complaint and our understanding of relevant facts and circumstances, we believe that the claims made by the Cantwell's and Byrd-Walsh in this lawsuit are without merit and we intend to vigorously defend against them. The amounts claimed in this lawsuit are substantial, however, and there can be no assurances as to the outcome of this pending action. Likewise, there can be no assurances regarding the impact that this matter may have on our financial results or financial condition.

The Company is involved in a legal action in Finland whereby the Company sued a Finnish company for trademark infringement. The Company won the initial case, but has subsequently lost on appeal. The Company

**PART II - OTHER INFORMATION**

**ITEM 1. LEGAL PROCEEDINGS**

A description of NTIC's legal proceedings in the first paragraph under Note 20 of NTIC's consolidated financial statements included within this report is incorporated herein by reference.

In April 2007 REACT-NTI, LLC, a company that is 75% owned by NTIC ("REACT"), was served with a summons and complaint that was filed by Shamrock Technologies, Inc. ("Shamrock") in state court in New York. This case has been removed to the Federal District Court for the Southern District of New York. The lawsuit seeks payment from REACT of commissions in the approximate amount of $314,500 owed by REACT under a license agreement between REACT and Shamrock. The complaint alleges breach of the license agreement by REACT and seeks damages in an unspecified amount for such breach as well as damages of approximately $300,000 for the alleged failure of REACT to purchase from Shamrock certain inventory manufactured for sale to a customer. REACT, acknowledges that the commissions are owed, but denies all of the claims of breach of the license agreement by it. REACT intends to appropriately defend itself against the allegations of breach and also intends to file counter-claim for a breach of the license agreement by Shamrock and to pursue injunctive relieve against Shamrock to protect its licensed Technology and Confidential Information disclosed to Shamrock under the license agreement.

In February 2007, NTIC was served with a summons and complaint that was originally filed by Evelyna Cantwell and Jack Cantwell, individually and also doing business as Byrd-Walsh International, LLC in the Federal District Court for the Southern District of Florida. The lawsuit alleges breach of contract, breach of implied contract, promissory estoppels, equitable estoppels, negligence, wrongful conversion, fraud, constructive fraud, misappropriation, and violation of the Uniform Trade Secrets Act. The suit seeks total damages in excess of $45 million. Based on the allegations in the complaint and our understanding of relevant facts and circumstances, we believe that the claims made by the Cantwell's and Byrd-Walsh in this lawsuit are without merit and we intend to vigorously defend against them. The amounts claimed in this lawsuit are substantial, however, and there can be no assurances as to the outcome of this pending action. Likewise, there can be no assurances regarding the impact that this matter may have on our financial results or financial condition.

**ITEM 2. UNREGISTERED SALES OF EQUITY SECURITIES, USE OF PROCEEDS AND SMALL BUSINESS ISSUER PURCHASES OF EQUITY SECURITIES**

**Recent Sales of Unregistered Equity Securities**

During the three months ended February 28, 2007, NTIC did not issue any shares of its common stock or other equity securities of NTIC that were not registered under the Securities Act of 1933.

**Small Business Issuer Purchases of Equity Securities**

During the three months ended February 28, 2007, NTIC did not purchase any shares of its common stock or other equity securities of NTIC.

On November 13, 2003, the Board of Directors of NTIC authorized Matthew Wolsfeld, Chief Financial Officer of NTIC, to repurchase on behalf of NTIC, up to 100,000 shares of NTIC's common stock from time to time in accordance with applicable rules governing issuer stock repurchases. Since being authorized, NTIC has repurchased and retired an aggregate of 44,200 shares of its common stock.

**ITEM 4 - SUBMISSION OF MATTERS TO A VOTE OF SECURITY HOLDERS**

The Annual Meeting of Stockholders of the Company (Annual Meeting) was held on January 23, 2007. The election of directors was voted on and approved by the Company's stockholders at the Annual Meeting. There were 3,655,520 shares of common stock entitled to vote at the meeting and a total of 3,322,866 shares or 90.89% were represented at the meeting.

**Exhibit 32.1**

**CERTIFICATION PURSUANT TO 18 U.S.C. SECTION 1350, AS ADOPTED PURSUANT TO SECTION 906 OF THE SARBANES-OXLEY ACT OF 2002**

In connection with the Quarterly Report of Northern Technologies International Corporation (the "Company") on Form 10-QSB for the period ending February 28, 2007 as filed with the Securities and Exchange Commission on the date hereof (the "Report"), I, G. Patrick Lynch, President and Chief Executive Officer of the Company, certify, pursuant to 18 U.S.C. Section 1350, as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, that, to the best of my knowledge and belief:

The Report fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934; and

The information contained in the Report fairly presents, in all material respects, the financial condition and results of operations of the Company.

*/s/ Patrick Lynch*
_____
G. Patrick. Lynch
President and Chief Executive Officer
(principal executive officer)

Circle Pines, Minnesota
April 11, 2007