**GIBNEY, ANTHONY & FLAHERTY, LLP**
Attorneys for Plaintiff
Wm. Lee Kinnally, Jr. (WK 1066)
665 Fifth Avenue
New York, NY 10022
(212) 688-5151
(212) 688-8315 - fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAMROCK TECHNOLOGIES, INC.,

                    Plaintiff,

        -against-

REACT–NTI, LLC,

                   Defendant.

---

**REPLY TO COUNTERCLAIMS**

07 CV 3114

Plaintiff, by its attorneys, Gibney, Anthony & Flaherty, LLP, for its reply to defendant's counterclaims, respectfully alleges:

## PRELIMINARY STATEMENT

1.     Denies each and every allegation set forth in paragraph 1.

## PARTIES

2.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 2.

3.     Admits each and every allegation set forth in paragraph 3.

## JURISDICTION

4.     Admits each and every allegation set forth in paragraph 4.

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

## FACTS

5.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 5.

6.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 6.

7.    Denies so much of paragraph 7 as alleges that Shamrock became interested in React's proprietary technology pertaining to anti-rub ink additives; admits so much thereof as alleges that Shamrock entered into a Confidential Disclosure Agreement dated March 29, 2001; admits so much thereof as alleges that Shamrock entered into a License Agreement with React; and denies the balance thereof.

8.    Denies knowledge or information sufficient to form a belief as to so much of paragraph 8 as alleges that "React is the successor-in-interest and to the business of React, LLC and has succeeded to the rights and obligations of React, LLC under the License Agreement"; and denies so much as thereof as alleges that "React has performed, except as reasonable excused by the conduct of Shamrock, all of its obligations under the License Agreement."

9.    Admits each and every allegation set forth in paragraph 9.

10.    Admits each and every allegation set forth in paragraph 10.

11.    Denies each and every allegation set forth in paragraph 11.

12.    Denies so much of paragraph 12 as alleges that React, LLC and React have provided confidential information to Shamrock which is presently the sole property of React; denies the balance thereof and respectfully refers to the License Agreement for the contents thereof.

13.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 13.

14.     Denies each and every allegation set forth in paragraph 14 and respectfully refers to the License Agreement for the contents thereof.

15.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 15.

16.     Denies each and every allegation set forth in paragraph 16.

17.     Denies each and every allegation set forth in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 18.

19.     Admits so much of paragraph 19 as alleges that the parties met in Cleveland, Ohio in December 2004, and denies the balance thereof.

20.     Denies knowledge or information sufficient to form a belief as to so much of paragraph 20 as alleges that, in March of 2005, React learned from Sun-USA that Shamrock had again submitted another competing PTFE based compound to Sun-USA for evaluation; and denies the balance thereof.

21.     Denies so much of paragraph 21 as alleges that in 2006, Shamrock resumed efforts to replace React at Sun-USA; admits so much thereof as alleges that Shamrock submitted a proposal to Sun-USA and refers to the written proposal for the terms thereof; and denies the balance thereof.

22.     Admits so much of paragraph 22 as alleges that Shamrock and Sun-USA entered into a Mutual Confidentiality Agreement; denies so much thereof as alleges that it was dated January 8, 2007; admits so much thereof as alleges that Shamrock's communications with

- 3 -

Sun-USA continued and that some sample products were submitted by Shamrock to Sun-USA; denies so much thereof as alleges that there was any disclosure of Confidential Information as defined in the License Agreement.

23.    Denies each and every allegation set forth in paragraph 23.

24.    Admits so much of paragraph 24 as alleges that "Shamrock tested several powders in various formulations" and denies knowledge or information sufficient to form a belief as to the balance thereof.

25.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 25.

26.    Denies each and every allegation set forth in paragraph 26.

27.    Denies each and every allegation set forth in paragraph 27.

28.    Admits so much of paragraph 28 as alleges that Shamrock has reported that it has made no sales of Licensed Products other than sales to Sun-USA on behalf of React; and denies the balance thereof.

29.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 29.

30.    Denies each and every allegation set forth in paragraph 30.

## FIRST CLAIM FOR RELIEF

31.    Denies each and every allegation set forth in paragraph 31.

32.    Denies each and every allegation set forth in paragraph 32.

33.    Denies each and every allegation set forth in paragraph 33.

## SECOND CLAIM FOR RELIEF

34.    Denies each and every allegation set forth in paragraph 34.

35.     Denies each and every allegation set forth in paragraph 35.

36.     Denies each and every allegation set forth in paragraph 36.

### THIRD CLAIM FOR RELIEF

37.     Denies each and every allegation set forth in paragraph 37.

38.     Denies each and every allegation set forth in paragraph 38.

39.     Denies each and every allegation set forth in paragraph 39.

### FOURTH CLAIM FOR RELIEF

40.     Denies each and every allegation set forth in paragraph 40.

41.     Denies each and every allegation set forth in paragraph 41.

42.     Denies each and every allegation set forth in paragraph 42.

### FIFTH CLAIM FOR RELIEF

43.     Denies each and every allegation set forth in paragraph 43.

44.     Admits so much of paragraph 44 as alleges that React made a request to audit and inspect Shamrock's books and records; denies knowledge or information sufficient to form a belief as to the balance thereof.

45.     Denies each and every allegation set forth in paragraph 45.

46.     Denies each and every allegation set forth in paragraph 46.

### SIXTH CLAIM FOR RELIEF

47.     Denies each and every allegation set forth in paragraph 47.

48.     Admits so much of paragraph 48 as alleges that Shamrock stated that it has made no sales of Licensed Products to anyone other than React for Sun-USA and that there are no other products manufactured using derivative formulations based on the Licensed

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

Technology; denies knowledge and information sufficient to form a belief as to the balance thereof.

49.    Denies each and every allegation set forth in paragraph 49.

50.    Denies each and every allegation set forth in paragraph 50.

### SEVENTH CLAIM FOR RELIEF

51.    Denies each and every allegation set forth in paragraph 51.

52.    Denies each and every allegation set forth in paragraph 52.

53.    Denies each and every allegation set forth in paragraph 53.

54.    Denies each and every allegation set forth in paragraph 54.


**WHEREFORE**, plaintiff demands judgment against defendant as follows:

a.   as prayed for in the complaint;

b.   dismissing the counterclaim in its entirety;

c.   together with the costs and disbursements of this action and such other and further relief as this court deems just and proper.

Dated: New York, New York
      August 27, 2008

                                    **GIBNEY, ANTHONY & FLAHERTY, LLP**

                                    By: _____
                                            Wm. Lee Kinnally, Jr.
                                            Attorneys for Plaintiff
                                            665 Fifth Avenue
                                            New York, New York 10022
                                            (212) 688-5151
                                            (212) 688-8315 – fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Counterclaims was served on August 27, 2008 by email on the following:

Edward M. Laine, Esq.
Oppenheimer Wolfe & Donnelly LLP
Plaza VII – Suite 300
45 South Seventh Street
Minneapolis, Minnesota 55402-1609
Elaine@oppenheimer.com

-and-

Law Offices of Ira Daniel Tokayer, Esq.
1333 Broadway
Suite 905
New York, New York 10018
imtoke@mindspring.com

Attorneys for Defendant

_____
**WM. LEE KINNALLY, JR.**

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

**GIBNEY, ANTHONY & FLAHERTY, LLP**
Attorneys for Plaintiff
Wm. Lee Kinnally, Jr. (WK 1066)
665 Fifth Avenue
New York, NY 10022
(212) 688-5151
(212) 688-8315 - fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAMROCK TECHNOLOGIES, INC.,

                                    Plaintiff,

            -against-

REACT–NTI, LLC,

                                    Defendant.

---

**REPLY TO COUNTERCLAIMS**

07 CV 3114

Plaintiff, by its attorneys, Gibney, Anthony & Flaherty, LLP, for its reply to defendant's counterclaims, respectfully alleges:

## PRELIMINARY STATEMENT

1.      Denies each and every allegation set forth in paragraph 1.

## PARTIES

2.      Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 2.

3.      Admits each and every allegation set forth in paragraph 3.

## JURISDICTION

4.      Admits each and every allegation set forth in paragraph 4.

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

## **FACTS**

5.      Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 5.

6.      Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 6.

7.      Denies so much of paragraph 7 as alleges that Shamrock became interested in React's proprietary technology pertaining to anti-rub ink additives; admits so much thereof as alleges that Shamrock entered into a Confidential Disclosure Agreement dated March 29, 2001; admits so much thereof as alleges that Shamrock entered into a License Agreement with React; and denies the balance thereof.

8.      Denies knowledge or information sufficient to form a belief as to so much of paragraph 8 as alleges that "React is the successor-in-interest and to the business of React, LLC and has succeeded to the rights and obligations of React, LLC under the License Agreement"; and denies so much as thereof as alleges that "React has performed, except as reasonable excused by the conduct of Shamrock, all of its obligations under the License Agreement."

9.      Admits each and every allegation set forth in paragraph 9.

10.     Admits each and every allegation set forth in paragraph 10.

11.     Denies each and every allegation set forth in paragraph 11.

12.     Denies so much of paragraph 12 as alleges that React, LLC and React have provided confidential information to Shamrock which is presently the sole property of React; denies the balance thereof and respectfully refers to the License Agreement for the contents thereof.

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

13.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 13.

14.     Denies each and every allegation set forth in paragraph 14 and respectfully refers to the License Agreement for the contents thereof.

15.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 15.

16.     Denies each and every allegation set forth in paragraph 16.

17.     Denies each and every allegation set forth in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 18.

19.     Admits so much of paragraph 19 as alleges that the parties met in Cleveland, Ohio in December 2004, and denies the balance thereof.

20.     Denies knowledge or information sufficient to form a belief as to so much of paragraph 20 as alleges that, in March of 2005, React learned from Sun-USA that Shamrock had again submitted another competing PTFE based compound to Sun-USA for evaluation; and denies the balance thereof.

21.     Denies so much of paragraph 21 as alleges that in 2006, Shamrock resumed efforts to replace React at Sun-USA; admits so much thereof as alleges that Shamrock submitted a proposal to Sun-USA and refers to the written proposal for the terms thereof; and denies the balance thereof.

22.     Admits so much of paragraph 22 as alleges that Shamrock and Sun-USA entered into a Mutual Confidentiality Agreement; denies so much thereof as alleges that it was dated January 8, 2007; admits so much thereof as alleges that Shamrock's communications with

- 3 -

Sun-USA continued and that some sample products were submitted by Shamrock to Sun-USA; denies so much thereof as alleges that there was any disclosure of Confidential Information as defined in the License Agreement.

23.    Denies each and every allegation set forth in paragraph 23.

24.    Admits so much of paragraph 24 as alleges that "Shamrock tested several powders in various formulations" and denies knowledge or information sufficient to form a belief as to the balance thereof.

25.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 25.

26.    Denies each and every allegation set forth in paragraph 26.

27.    Denies each and every allegation set forth in paragraph 27.

28.    Admits so much of paragraph 28 as alleges that Shamrock has reported that it has made no sales of Licensed Products other than sales to Sun-USA on behalf of React; and denies the balance thereof.

29.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 29.

30.    Denies each and every allegation set forth in paragraph 30.

## FIRST CLAIM FOR RELIEF

31.    Denies each and every allegation set forth in paragraph 31.

32.    Denies each and every allegation set forth in paragraph 32.

33.    Denies each and every allegation set forth in paragraph 33.

## SECOND CLAIM FOR RELIEF

34.    Denies each and every allegation set forth in paragraph 34.

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

35.     Denies each and every allegation set forth in paragraph 35.

36.     Denies each and every allegation set forth in paragraph 36.

### THIRD CLAIM FOR RELIEF

37.     Denies each and every allegation set forth in paragraph 37.

38.     Denies each and every allegation set forth in paragraph 38.

39.     Denies each and every allegation set forth in paragraph 39.

### FOURTH CLAIM FOR RELIEF

40.     Denies each and every allegation set forth in paragraph 40.

41.     Denies each and every allegation set forth in paragraph 41.

42.     Denies each and every allegation set forth in paragraph 42.

### FIFTH CLAIM FOR RELIEF

43.     Denies each and every allegation set forth in paragraph 43.

44.     Admits so much of paragraph 44 as alleges that React made a request to audit and inspect Shamrock's books and records; denies knowledge or information sufficient to form a belief as to the balance thereof.

45.     Denies each and every allegation set forth in paragraph 45.

46.     Denies each and every allegation set forth in paragraph 46.

### SIXTH CLAIM FOR RELIEF

47.     Denies each and every allegation set forth in paragraph 47.

48.     Admits so much of paragraph 48 as alleges that Shamrock stated that it has made no sales of Licensed Products to anyone other than React for Sun-USA and that there are no other products manufactured using derivative formulations based on the Licensed

Technology; denies knowledge and information sufficient to form a belief as to the balance thereof.

49.    Denies each and every allegation set forth in paragraph 49.

50.    Denies each and every allegation set forth in paragraph 50.

### SEVENTH CLAIM FOR RELIEF

51.    Denies each and every allegation set forth in paragraph 51.

52.    Denies each and every allegation set forth in paragraph 52.

53.    Denies each and every allegation set forth in paragraph 53.

54.    Denies each and every allegation set forth in paragraph 54.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

a.    as prayed for in the complaint;

b.    dismissing the counterclaim in its entirety;

c.    together with the costs and disbursements of this action and such other and further relief as this court deems just and proper.

Dated: New York, New York
       August 27, 2008

**GIBNEY, ANTHONY & FLAHERTY, LLP**

By: _____
       Wm. Lee Kinnally, Jr.
       Attorneys for Plaintiff
       665 Fifth Avenue
       New York, New York 10022
       (212) 688-5151
       (212) 688-8315 – fax

- 6 -

S:\Litigate\WPDOCS\shamrock\react\WLK3571.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Counterclaims was served

on August 27, 2008 by email on the following:

Edward M. Laine, Esq.
Oppenheimer Wolfe & Donnelly LLP
Plaza VII – Suite 300
45 South Seventh Street
Minneapolis, Minnesota 55402-1609
Elaine@oppenheimer.com

-and-

Law Offices of Ira Daniel Tokayer, Esq.
1333 Broadway
Suite 905
New York, New York 10018
imtoke@mindspring.com

Attorneys for Defendant

_____
**WM. LEE KINNALLY, JR.**